IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN E. TUCKER, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:97-cr-337-K |
| V. | § | No. 3:12-cv-5229-K-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Karen Tucker has filed a motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

On December 18, 1998, Movant pleaded guilty to one count of health care fraud in violation of 42 U.S.C. § 1347. Punishment was assessed at six months of home confinement, three years of probation, and $26,402 in restitution. Movant did not take an appeal. Instead, Movant filed a motion to correct, vacate, or set aside sentence, which was denied. *See Tucker v. United States*, No. 3:99-cv-2599-R, 2001 WL 1613796 (N.D. Tex. Dec. 13, 2001), *COA denied*, No. 02-10040 (5th Cir. Apr. 5, 2002), *cert. denied,* 537 U.S. 891 (2002). The Court of Appeals later denied Movant's out-of-time direct appeal. *See United States v. Tucker*, No. 07-10575 (5th Cir. Aug. 8, 2007).

Movant now seeks post-conviction relief on grounds that (1) the prosecutor failed to turn over exculpatory evidence; (2) she received ineffective assistance of counsel; (3) her guilty plea was involuntary; (4) she was denied due process; and (5) her conviction was the result of a conspiracy. Before the Court may consider this motion, it must determine whether Movant can bring a successive Section 2255 action without prior approval from the Court of Appeals.

## Legal standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before Movant files her motion in district court. *Id.* §§ 2244(b)(3), 2255(h).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider

this successive Section 2255 motion. Movant must obtain such an order before another motion for post-conviction relief may be filed. Accordingly, this motion should be transferred to the United States Court of Appeals for the Fifth Circuit . *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2255 motion from a federal prisoner).

**Recommendation**

Movant's motion to correct, vacate, or set aside sentence should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 27, 2012

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE